## SMITH *vs.* THORNDIKE & AL.

Where two parties submitted a question of betterments, popularly so termed, to referees, who were to " determine as referees" whether the tenant was " by law entitled" to claim betterments, and if so, to what amount; and then agreed to a written statement of facts, upon which the referees decided that the tenant was " legally entitled" to betterments, to a certain amount;—it was held, in an action upon this award, that the question of law was definitively submitted to the referees; and that any mistake of law, on their part, was not open to further examination.

THE parties in this case entered into an agreement, of the following tenor :—" Whereas *Benjamin Smith* claims betterments on lot No. 224 in *Frankfort,* the soil of which is owned by *Israel Thorndike, jr. David Sears,* and *William Prescott:* Now it is hereby agreed between said *Smith,* and said *Thorndike, Sears* and *Prescott,* that *Martin Kinsley, Phineas Ashmun* and *Jeremiah Simpson,* shall determine as referees, the decision of the majority to be binding on both parties, whether said *Smith* is by law entitled to betterments in said premises; and if so entitled, what amount said *Smith* shall receive as in full of said betterments; and said *Thorndike, Sears* and *Prescott* agree to pay said *Smith* the amount estimated by said referees as the value of said betterments; and the said *Smith* agrees to accept the sum so awarded him as aforesaid, and to relinquish to said *Thorndike, Sears* and *Prescott,* all his right to said premises. It being understood by both parties that if said referees should award that said *Smith* is not legally entitled to betterments in said premises, said *Smith* is to relinquish to said *Thorndike, Sears* and *Prescott* all right to said premises." The facts in the case were contained in a written statement agreed and signed by both parties; upon which the referees decided that *Smith* was legally entitled to betterments, the value of which they assessed. The present action was *assumpsit* upon this award with the common money counts; which the defendants resisted; and a case was made for the opinion of the court upon these three

questions;—1st, Whether the referees were bound to determine according to law the matter submitted to them;—2d, Whether they had so determined;—3d, If they had not, then whether the defendants might avail themselves of that objection in this action.

*Brown* argued for the plaintiff, that the whole subject, both law and fact, was exclusively submitted to the referees.

*Abbot, Greenleaf* and *Kelly,* for the defendants, contended that the referees were bound to decide according to the rules of law, and had undertaken so to decide, as appeared by the award itself; and that the mistake of law was examinable in this form of action. To the point that the referees had mistaken the law, upon the facts agreed, they cited *Knox v. Hook,* 12 *Mass.* 329; *Runey v. Edmands,* 15 *Mass.* 291; *Shaw v. Bradstreet,* 13 *Mass.* 241; *Kennebec Proprietors v. Kavanagh,* 1 *Greenl.* 348. And to the last point they cited *Kent v. Elstob,* 3 *East.* 18; *Jones v. Boston Mill Corporation,* 6 *Pick.* 148; *Kyd on Awards,* 351; *North Yarmouth v. Cumberland,* 6 *Greenl.* 21; *Greenough v. Rolfe & al.* 4 *New Hamp.* 357; *Ames v. Milward,* 8 *Taunt.* 637; *Kleine v. Catara,* 2 *Gal.* 61.

MELLEN C. J. delivered the opinion of the Court, at the ensuing July term in *Waldo.*

In the view we have taken of this cause, the three questions submitted for our decision, may all be resolved into one, and one answer will be sufficient for all. The submission bears date *April* 30, 1830, and the referees were authorised " to determine as referees—whether the said *Smith* is by law entitled to betterments in said premises, and, if so, what amount said *Smith* shall receive as in full of said betterments." On the 15th of *May* following the parties made and signed a " statement of facts, to be submitted to said referees." This statement contains the history of the claims of *Smith* for betterments and the facts on which his claims were founded; and also the facts on which the defendants relied to disprove his claim. On the 19th of *July* following the referees made their report, in which they say that they had taken into con-

sideration " the agreement and the statement of facts," and then go on to pronounce their " opinion, final award and determination," that *Smith* is legally entitled to betterments.

In the case of *Jones v. Boston Mill Corporation*, 6 *Pick.* 148, the Chief Justice, in delivering the opinion of the court, says, " we take one principle to be very clear, which is, that where it manifestly appears by the submission, that the parties intended to leave the whole matter, law and fact, to the decision of the referees or arbitrators, the award is conclusive, unless the award itself refers such question to the consideration of the court ;" which is not done in the present case ; they declare their award to be final. See also *Kleine v. Catara*, 2 *Gall.* 61. The parties in this case certainly intended to refer some question to the decision of the referees; what was that question? Not one of fact; for all the facts were agreed upon and stated in writing. Then it could only be a question of law. This was a matter in which the parties were not agreed. How were the referees to decide it? The agreement of submission answers, they were to decide it " as referees," judging for themselves upon the legality of the claim submitted. If the court were intended ultimately to decide it, by controlling the determination of the referees, then they had no power ; and the submission and all the proceedings were mere idle form and useless expense. Surely in this instance " it manifestly appears that the parties intended to refer the law" to a court of their own creation, and for the purpose of a decision in a quiet and friendly manner. In this respect it differs essentially from the case of *Greenough v. Relf.* The mere justice and fairness of the award is not disputed ; and we are all of opinion that no legal principle prevents us from enforcing its performance by a judgment for the sum awarded and interest from the commencement of the action. A default must be entered.